# United States Court of Appeals for the Federal Circuit

2006-3165

TERRY N. PAINE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Donald G. Bruce, Belcourt Law Office, of Belcourt, North Dakota, argued for petitioner.

Raymond W. Angelo, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington D.C., argued for respondent. With him on the brief were Martha B. Schneider, General Counsel, and Rosa Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3165

TERRY N. PAINE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

DECIDED: November 7, 2006

Before MICHEL, Chief Judge, LOURIE, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

Terry N. Paine petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed as untimely filed his appeal of his removal by the Department of Energy ("agency"). Paine v. Dep't of Energy, No. DE0752050378-I-1 (M.S.P.B. Dec. 14, 2005) ("Final Decision"). We affirm.

## DISCUSSION

### I.

Mr. Paine worked as a Lineman for the agency. On August 7, 2004, he was found guilty for the second time of driving while under the influence of alcohol, which caused him to lose his state driver's license for two years and his commercial driver's

license ("CDL") permanently. On October 25, 2004, Mr. Paine received notice that the agency was terminating his employment due to his inability to possess a CDL, a condition of his employment as a Lineman. The letter set forth three avenues for appealing the action:

> (1) You may challenge an adverse action based on factors unrelated to misconduct under 5 U.S.C. §§ 7512, 7513, and 7701, through an appeal to the Merit Systems Protection Board (MSPB).
>
> (2) You may file a grievance under the negotiated agreement between Western and the International Brotherhood of Electrical Workers (IBEW).
>
> (3) You may file a discrimination complaint, if you believe this action is based in whole or in part on prohibited discrimination.
>
> . . . .
>
> You may not file under more than one of these processes (i.e., an appeal to the MSPB, and EEO Complaint, or a grievance) on the same matter.
>
> . . . .
>
> Your choice of procedure is determined by first filing.

Notice of Decision to Remove (Oct. 25, 2004).

Mr. Paine appealed his removal on December 9, 2004, by filing a formal discrimination complaint with the agency. In his complaint, Mr. Paine alleged that, in removing him, the agency had discriminated against him based upon alcohol dependency and depression. Several days after filing his complaint, but before receiving a final agency decision on it, Mr. Paine filed an appeal with the Board contesting his removal. The regulation setting forth the time limits for individuals who file appeals raising issues of prohibited discrimination in connection with a matter otherwise appealable to the Board states:

(a) Where the appellant has been subject to an action appealable to the Board, he or she may either file a timely complaint of discrimination with the agency or file an appeal with the Board no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision on the appealable action, whichever is later.

(b) If the appellant has filed a timely formal complaint of discrimination with the agency:

(1) An appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue; or

(2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.

(c) If the appellant files an appeal prematurely under this subpart, the judge will dismiss the appeal without prejudice to its later refiling under § 1201.22 of this part. If holding the appeal for a short time would allow it to become timely, the judge may hold the appeal rather than dismiss it.

5 C.F.R. § 1201.154 (2006). Because Mr. Paine filed his discrimination complaint before he filed his appeal to the Board, he was subject to the time limits set forth in section 1201.154(b). In an initial discussion with the administrative judge ("AJ") to whom the case was assigned, the parties agreed that 120 days had not passed since the filing of the complaint. During the discussion, Mr. Paine's attorney withdrew the appeal. In an initial decision, the AJ dismissed the Board appeal as voluntarily withdrawn and without prejudice to timely refiling. Paine v. Dep't of Energy, No. DE0752050378-I-1 (M.S.P.B. Jan. 20, 2005) ("Initial Decision, Jan. 20, 2005"). The Initial Decision, Jan. 20, 2005, became the Board's final decision when neither party filed a petition for review. See 5 C.F.R. § 1201.113 (2006).

On April 7, 2005, the agency mailed a final agency decision on the discrimination complaint to Mr. Paine and Mr. Paine's attorney via Federal Express overnight delivery. Mr. Paine's wife received and signed for the final agency decision at Mr. Paine's residence of record in North Dakota on April 8, 2005. Mrs. Paine forwarded the

unopened package containing the final agency decision to Mr. Paine in northern Minnesota, where he was working at the time. Mr. Paine received the package five to seven days later. Mr. Paine's attorney received the final agency decision on April 12, 2005.

On June 13, 2005, Mr. Paine filed a second appeal with the Board contesting the agency action removing him from his Lineman position. The AJ dismissed the second appeal as untimely filed because it was not filed within thirty days after receipt of the final agency decision as required by 5 C.F.R. § 1201.154(b)(1). Paine v. Dep't of Energy, No. DE0752050378-I-1 (M.S.P.B. July 12, 2005) ("Initial Decision, July 12, 2005"). The AJ found that the appeal should have been filed no later than May 12, 2005 (i.e., thirty days after Mr. Paine's attorney received the final agency decision on April 12, 2005).

The Initial Decision, July 12, 2005, became the final decision of the Board when the Board determined that Mr. Paine's petition for review failed to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

5 C.F.R. § 1201.154(b) governs the time limit for the appeal in this case. It states:

> If the appellant has filed a timely formal complaint of discrimination with the agency:
> (1) An appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue; or
> (2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.

5 C.F.R. § 1201.154(b). On appeal, Mr. Paine argues that subsection (b)(1) does not apply to his appeal, and that his appeal was timely filed under subsection (b)(2). Mr. Paine urges that section 1201.154(b) must be read in the disjunctive, relying on Van Wersch v. Department of Health and Human Services, 197 F.3d 1144, 1151 (Fed. Cir. 1999), for the proposition that the word "or" in the regulation is disjunctive. According to Mr. Paine, section 1201.154(b) offers a choice of two alternatives. Mr. Paine urges that the first alternative, under subsection (b)(1), is to file an appeal within thirty days after receipt of a final decision. Mr. Paine urges that the second alternative, under subsection (b)(2), which is available only to an appellant who receives a final board decision more than 120 days after his formal complaint was filed, is to file an appeal at any time after the expiration of the 120 calendar days. Mr. Paine argues that "because the Agency missed the 120 day deadline for issuing its final decision. . . . Petitioner's time frame to file his Petition with the Board was expanded to 'any time after the expiration of 120 calendar days,'" and thus his appeal was timely filed. At oral argument, Mr. Paine's attorney conceded that if subsection (b)(1) applies his appeal was not timely because it did not meet the thirty-day time limit imposed by that subsection.

The Board argues that the "or" in section 1201.154(b) does not indicate that the regulation is intended to be read in the disjunctive. The Board urges that subsection (b)(1) always requires an appellant to appeal within thirty days of receipt of a final decision, that subsection (b)(2) provides that the right to appeal does not vest until either the agency issues a final decision on the discrimination complaint or 120 days elapse from the date the discrimination complaint was filed, and that subsection (b)(2) is no longer applicable once the agency issues a final decision. The Board further notes that subsection (b)(2) does not state that the final decision must be <u>received</u> within 120 days. Rather, the regulation states that "[i]f the agency has not resolved the matter or <u>issued</u> a final decision on the formal complaint within 120 days" the employee may file a Board appeal. 5 C.F.R. § 1201.154(b)(2) (emphasis added).

We see no error in the AJ's application of the thirty day time limit in subsection (b)(1) to Mr. Paine. We have recently noted that:

> The rules of statutory construction apply when interpreting an agency regulation. When construing a regulation or statute, it is appropriate first to examine the regulatory language itself to determine its plain meaning. . . . If the regulatory language is clear and unambiguous, the inquiry ends with the plain meaning. However, if the regulation is silent or ambiguous, the court then gives deference to the agency's own interpretations.

<u>Roberto v. Dep't of the Navy</u>, 440 F.3d 1341, 1350 (Fed. Cir. 2006) (internal citations omitted). The regulation clearly states that "[i]f the agency has not resolved the matter or <u>issued</u> a final decision on the formal complaint within 120 days" the employee may file a Board appeal. 5 C.F.R. § 1201.154(b)(2) (emphasis added). <u>Webster's Third New International Dictionary</u> 1201 (1986) defines "issue" as "the act of officially putting forth or getting out or printing (as new currency or postage stamps) or making available

or distributing (as supplies or material) or giving out or granting (as licenses) or proclaiming or promulgating (as a written order or directive)."

Because the regulatory language is clear and unambiguous, our inquiry ends here. The AJ effectively found that the agency mailed its final decision 119 days after receipt of Mr. Paine's complaint. The act of mailing fits within the plain meaning of the word "issue." By placing its final decision in the mail, the agency had announced the decision in writing and had put it forth for distribution to the effected parties. Issuance of a decision must always precede receipt of that decision; nowhere does subsection (b)(2) require that an appellant receive a final decision within 120 days. No artfully worded argument can change the plain meaning of "issue" to mean "receive."

CONCLUSION

Because the agency issued its final decision 119 days after Mr. Paine filed his complaint, subsection (b)(2) does not apply in his case. Thus, we are not presented with the question of whether, in a situation where subsection (b)(2) applies, it provides an alternative filing period following a final agency decision on a discrimination complaint. Because Mr. Paine had thirty days to file his appeal, and because he did not show good cause for filing his appeal later than the allowed thirty days, the Board did not err in holding the appeal untimely.

For the foregoing reasons, the final decision of the Board is affirmed.

AFFIRMED