# United States Court of Appeals
# for the Federal Circuit

---

**FRANK G. ROCHA,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**DEPARTMENT OF STATE,**
*Intervenor.*

---

2012-3087

---

Petition for review of the Merit Systems Protection Board in case no. PH0752100549-I-1.

---

Decided: July 24, 2012

---

FRANK G. ROCHA, of Peabody, Massachusetts, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were STUART F. Delery, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director.

———————————————

Before RADER, *Chief Judge*, MAYER and SCHALL, *Circuit Judges*.

MAYER, *Circuit Judge*.

Frank G. Rocha appeals a final order of the Merit Systems Protection Board ("board") dismissing his petition for review as untimely filed. *See Rocha v. Dep't of State*, No. PH-0752-10-0549-I-1, 2011 MSPB LEXIS 7665 (Dec. 22, 2011) ("*Final Order*"). We *affirm*.

I.

In 2008, Rocha was appointed to an excepted service position as a passport specialist at the United States Department of State ("State Department"). By letter dated July 9, 2010, the State Department informed Rocha that his appointment would soon expire and that the agency would not convert his excepted service appointment into a career or career-conditional position. Rocha's appointment expired on July 16, 2010.

Rocha then appealed to the board. *See Rocha v. Dep't of State*, No. PH-0752-10-0549-I-1, 2010 MSPB LEXIS 6543 (Nov. 10, 2010). In an initial decision, an administrative judge concluded that the board had no jurisdiction over Rocha's appeal because he was serving under an excepted service appointment in the Federal Career Intern Program ("FCIP") at the time of his termination.

*Id.* at *2-3. The administrative judge explained that "[t]ime spent . . . in [an] appointment under [the] FCIP constitutes a probationary or trial period," and that FCIP employees do not obtain the right to appeal to the board until their appointments are converted to competitive service positions. *Id.* at *3. Because Rocha's position had not been converted to the competitive service at the conclusion of his FCIP appointment, the board lacked jurisdiction to consider his appeal. *Id.*

Rocha was informed by the administrative judge that "[t]his initial decision will become final on *December 15, 2010,* unless a petition for review is filed by that date or the Board reopens the case on its own motion." *Id.* at *3-4 (emphasis in original). The initial decision was served upon Rocha by email because he had consented to electronic filing.

On June 3, 2011, Rocha filed a petition with the board, seeking review of the administrative judge's initial decision. The board informed Rocha that his petition was untimely because it was filed more than five months after the deadline for seeking review of the initial decision. The board further informed Rocha that it would consider the merits of his petition only if he established good cause for his untimely filing. In response, Rocha asserted that he "never received any notification, electronically or otherwise to the fact that [his] case had been dismissed."

On December 22, 2011, the board issued a final order dismissing Rocha's petition for review as untimely filed. The board determined that Rocha's assertion that he did not receive a copy of the administrative judge's initial decision "lack[ed] merit," because Rocha had registered as an e-filer and had "thereby consented to accept all pleadings filed by other registered e-filers, and all documents issued by the Board, in electronic form." *Final Order,*

2011 MSPB LEXIS 7665, at *5. The board noted, moreover, that its regulations require an e-filer "to monitor his case activity at the Repository at e-Appeal Online to ensure that he receive[s] all case related documents." *Id.* Because Rocha had presented "no evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits" for filing a petition for review, the board dismissed Rocha's appeal as untimely filed. *Id.* at *6-7. Rocha then appealed to this court.

## II.

This court's authority to review decisions of the board is circumscribed by statute. *See* 5 U.S.C. § 7703(c). Specifically, we must affirm a board decision unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Id.* The board "has broad discretion to control its own docket." *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994). Accordingly, "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc); *see also Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003).

The board will waive the time limit for filing a petition for review if a petitioner establishes "good cause" for his delay in filing. *Zamot*, 332 F.3d at 1377. Relevant factors in determining whether a petitioner has demonstrated good cause for a late filing include the length of the delay, whether circumstances beyond a petitioner's

control affected his ability to comply with the filing deadline, whether he was notified of the time limit for filing a petition for review, and whether he exercised due diligence in attempting to meet the filing deadline. *See id.*; *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

We conclude that the board did not abuse its discretion in refusing to allow Rocha to file his petition for review more than five months after the filing deadline. Although Rocha claims that he did not receive the administrative judge's initial decision, the record shows that the decision was sent to the email address he provided to the board when he filed his appeal. As a registered e-filer, Rocha consented to accept all documents issued by the board in electronic form. *See* 5 C.F.R. § 1201.14(e)(1) ("Registration as an e-filer constitutes consent to accept electronic service of pleadings filed by other registered e-filers and documents issued by the [board]."). Indeed, Rocha was required by regulation to monitor his case online in order to insure that he received all case-related documents. *See id.* § 1201.14(j)(3) ("E-filers are responsible for monitoring case activity at the Repository at e-Appeal Online to ensure that they have received all case-related documents.").

Even assuming *arguendo* that Rocha did not in fact review the email copy of the initial decision on the date that it was issued, he has not submitted any evidence to show how he received that decision or how circumstances beyond his control prevented him from filing his petition for review in a timely manner. "Delay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence." *Mendoza*, 966 F.2d at 653. Because Rocha failed to carry his burden to establish that he exercised due diligence or ordinary prudence in monitoring his case, the board acted well within its discretion in

refusing to waive the time limit for filing his petition for review. *See Phillips v. U.S. States Postal Serv.*, 695 F.2d 1389, 1391 (Fed. Cir. 1982) (affirming the board's refusal to waive the filing deadline where "no adequate reason was presented to explain" the delay in filing).

As the board correctly determined, moreover, it would have had no jurisdiction over Rocha's appeal even if his petition for review had been timely filed. "The jurisdiction of the MSPB is not plenary, but is limited to those areas specifically granted by statute or regulation." *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc) (citations and internal quotation marks omitted); *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Not every personnel action is considered an "adverse action" that can be appealed to the board. *See* 5 U.S.C. § 7512. Under the FCIP program, interns were appointed for a term of two years, but their appointments could be extended for up to one year. *See* 5 C.F.R. § 213.3202(o)(7). In 2008, Rocha was appointed to a two-year term, which was extended for four months due to the fact that he was placed on leave without pay status during 2008 and 2009. When Rocha's appointment expired in July 2010, the State Department had the *option* of converting his position to the competitive service. *Id.* Rocha, however, had no right to further federal employment when his FCIP appointment ended. Accordingly, the State Department's decision not to convert his appointment to a competitive service position was not an "adverse action" appealable to the board. 5 C.F.R. § 752.401(b)(11) (providing that appealable adverse actions do not include the "[t]ermination of [an] appointment on the expiration date specified as a basic condition of employment at the time the appointment was made"); *see also Scull v. Dep't of Homeland Sec.*, 113 M.S.P.R. 287, 291 (2010) (emphasizing that "an FCIP intern's termina-

tion upon the expiration of his appointment is generally not an adverse action appealable to the Board because it merely carries out the terms of the appointment"). Accordingly, we affirm the board's decision dismissing Rocha's petition for review.

**AFFIRMED**