NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————————

**MARK RICHARD GLASSER,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

—————————————

2012-3146

—————————————

Petition for review of the Merit Systems Protection Board in Case No. NY0752110236-I-1.

—————————————

Decided: November 9, 2012

—————————————

MARK RICHARD GLASSER, of Patchogue, New York, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

—————————————

Before BRYSON, PROST, and WALLACH, *Circuit Judges*.

PER CURIAM.

## DECISION

Mark R. Glasser seeks review of a decision of the Merit Systems Protection Board dismissing his appeal for untimeliness. We affirm.

## BACKGROUND

Mr. Glasser was removed from his position as Tax Examining Technician with the Internal Revenue Service on January 10, 2011. The reason for his dismissal was his absence without leave from May 21, 2010, through the date of his termination. The agency's decision letter was postmarked January 18, 2011, and Mr. Glasser received it no later than January 25. The letter informed Mr. Glasser of his right to appeal his termination to the Merit Systems Protection Board by filing an appeal within 30 days of receiving the termination decision. Mr. Glasser did not file his appeal to the Board until May 20, 2011, or 85 days after the 30-day appeal period had passed.

The administrative judge who was assigned to Mr. Glasser's case ordered him to show cause as to why his appeal should not be dismissed as untimely. Mr. Glasser informed the Board that he had left the envelope containing the agency decision letter unopened until May 6 because he believed it was "irrelevant jibberish." He also stated that he believed the Board was not a "viable forum" to hear his claims and that even upon opening the agency's decision letter he did not file his appeal for another two weeks.

The administrative judge dismissed Mr. Glasser's appeal as untimely, and the full Board denied his petition for review. Mr. Glasser now petitions for review by this court.

## DISCUSSION

An appeal to the Board "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. §1201.22(b)(1). If an appeal is filed after the deadline, "it will be dismissed as untimely filed unless a good reason for the delay is shown." *Id.* §1201.22(c). "To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case." *Martinez v. Broad. Bd. of Governors*, 115 M.S.P.R. 46, 49 (2010); *see Rocha v. Merit Sys. Prot. Bd.*, 688 F.3d 1307, 1311 (Fed. Cir. 2012); *Phillips v. U.S. Postal Serv.*, 695 F.3d 1389, 1391 (Fed. Cir. 1982). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

Mr. Glasser does not dispute that his appeal to the Board was untimely. He received notice of his termination on January 25, 2011, at the latest, but he did not file his appeal until May 20 of that year. The Board did not abuse its discretion in finding that Mr. Glasser's proffered reasons for his untimely delay do not establish good cause. Intentionally putting aside a letter conveying the agency's termination decision and failing to read it for

more than 100 days does not constitute due diligence or a reasonable excuse for an untimely filing.

Mr. Glasser's failure to timely appeal was not the result of misinformation or a misunderstanding of the time limits for filing an appeal but was the product of his own decision as to how to treat the termination notice. Mr. Glasser admits that "[i]f I had opened the termination letter the day I received it, I would not have acted differently." He states that he "made the firm decision not to waste time or effort in appeals doomed to fail." Mr. Glasser made a deliberate choice not to appeal his case to the Board, and he stuck with that position until the time to appeal had lapsed. That he subsequently changed his mind does not constitute good cause to excuse his failure to file a timely appeal.

No costs.

**AFFIRMED**