NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RENATA M. LACHIEWICZ,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3052

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-10-0490-I-1.

---

Decided: June 5, 2014

---

RENATA M. LACHIEWICZ, of Chicago, Illinois, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before NEWMAN, LOURIE, and DYK, *Circuit Judges.*

PER CURIAM.

Renata Lachiewicz seeks review of the decision of the Merit Systems Protection Board ("Board"), dismissing her petition as untimely filed and forwarding her claims alleging breach of a settlement agreement to the appropriate regional office. We *affirm*.

BACKGROUND

Ms. Lachiewicz was employed as an immigration officer in the Vermont Service Center of the Department of Homeland Security, United States Citizenship and Immigration Services ("agency"). On May 17, 2010, the agency removed Ms. Lachiewicz from her position. Ms. Lachiewicz appealed the removal to the Northeastern Regional Office of the Board, but entered into a settlement agreement with the agency before the appeal was heard. The administrative judge reviewed the agreement and concluded that the parties had understood and voluntarily entered into it. Ms. Lachiewicz's removal appeal was then dismissed based on the settlement agreement. The Board's decision stated: "This initial decision will become final on September 29, 2010 unless a petition for review is filed by that date or the Board reopens the case on its own motion." Respondent's Appendix ("R.A.") 2. It also stated that Ms. Lachiewicz could file a petition for enforcement with the regional Board office after the decision became final, if she had reason to believe the agency was not complying with the agreement.

More than two years later, on December 19, 2012, Ms. Lachiewicz filed a petition for review asking the Board to reopen her removal appeal. She alleged that she had entered into the agreement as a result of duress and that the agency had not complied with the agreement. Ms. Lachiewicz filed a motion requesting a waiver of the time limit for her review petition based on mental impairment and physical injuries. The Board denied Ms. Lachiewicz's

motion, explaining that she did not identify the period during which she was impaired, did not provide evidence of her medical condition or explain why such evidence was unavailable, and did not describe the effects of her medical condition. The Board found that she had alleged breach of the agreement, but that these allegations did not constitute grounds for waiving the filing time limit. The Board dismissed the petition for review of the Board's dismissal as untimely filed. The Board forwarded Ms. Lachiewicz's claims that the agency was not complying with the agreement to the regional office for adjudication.

Ms. Lachiewicz petitioned this court for review of the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a Board decision is limited. *Paine v. Merit Sys. Prot. Bd.*, 467 F.3d 1344, 1346 (Fed. Cir. 2006). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Rocha v. Merit Sys. Prot. Bd.*, 688 F.3d 1307, 1310 (Fed. Cir. 2012); *Paine*, 567 F.3d at 1346. A petitioner "bears a 'heavy burden' to overturn the Board's determination that good cause has not been shown for her untimely filing." *Turman-Kent v. Merit Sys. Prot. Bd.*, 657 F.3d 1280, 1282 (Fed. Cir. 2011) (quoting *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003) & citing *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.3d 650, 653 (Fed. Cir. 1992) (en banc)).

A petition for review of a Board decision must be filed within 35 days of the decision's issuance or within 30 days of the petitioner's receipt of the decision if the petitioner

shows that she received the decision more than 5 days after it issued. 5 C.F.R. § 1201.114(e); *see* 5 U.S.C § 7701(e)(1). If the petition is filed late, the Board may waive the time limit if the petitioner establishes good cause for the delay. *Rocha*, 688 F.3d at 1310; *Zamot*, 332 F.3d at 1377 (Fed. Cir. 2003). To obtain a waiver, a petitioner must provide "[t]he reasons for failing to request an extension before the deadline for the submission, and a specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence." 5 C.F.R. § 1201.114(g). Although the Board's regulations do not define the circumstances that constitute good cause, relevant considerations include:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Alonzo v. Dep't of Air Force*, 4 M.S.P.R. 180, 184 (1980) (footnotes omitted); *see also Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (quoting *Alonzo*, 4 M.S.P.R. at 184). With respect to delays allegedly resulting from medical impairment, the Board has held that petitioners must "affirmatively identify medical evidence that addresses the entire period of delay and explain how the illness prevented a timely filing." *Ford-Clifton v. Dep't of Veteran Affairs*, 661 F.3d 655, 659 (Fed. Cir. 2011) (affirming Board where there was "no accompanying explanation of how th[e] condition [deep vein thrombosis]

prevented a timely filing" (citing *Jerusalem v. Dep't of the Air Force*, 107 M.S.P.R. 660, 663, *aff'd*, 280 Fed. App'x 973 (Fed. Cir 2008); *Lacy v. Dep't of Navy*, 78 M.S.P.R. 434, 437 (1998)); *see also Turman-Kent*, 657 F.3d at 1282 ("The Board did not abuse its discretion in demanding a well-documented explanation of the cause for [the petitioner's six-year] delay in filing her appeal.").

Here, the Board found that Ms. Lachiewicz did not establish good cause. We see no error in that determination. Ms. Lachiewicz asserted only that she "suffered [] temporary mental instability, as an effect of losing her job" and "also sustained physical injuries, due to the on the job accident, on February 02, 2010." R.A. 76. She did not identify evidence related to her alleged mental and physical impairment. She did not provide any information about the duration or dates of her alleged medical problems and did not explain how they prevented her from filing a timely petition.

The Board did not err in finding that Ms. Lachiewicz did not establish good cause for waiving the time limit for her petition based on her claims regarding the settlement agreement. The Board recognized that good cause might exist based on newly-discovered evidence establishing the invalidity of the settlement agreement, but Ms. Lachiewicz did not raise such an argument or present such evidence before the Board and has not done so before this court on appeal.

The Board also did not err in forwarding Ms. Lachiewicz's claims of breach of the settlement agreement to the regional office. The governing regulations permit parties to petition the Board "for enforcement of the terms of a settlement agreement that has been entered into the record for the purpose of enforcement in an order or decision under the Board's appellate jurisdiction." 5 C.F.R. § 1201.182(a). But "[t]he petition must be filed

promptly with the regional or field office that issued the initial decision." *Id.* The Board has held that "[w]here allegations of noncompliance are raised for the first time before the full Board, the Board will forward the submission to the appropriate regional office for adjudication as a petition for enforcement." *Harris v. U.S. Postal Serv.*, 59 M.S.P.R. 222, 225 (1993) (citing *Sharkey v. Dep't of Transp.*, 56 M.S.P.R. 156, 158 (1992); *Davis v. Dep't of Navy*, 55 M.S.P.R. 109, 112 (1992)). Ms. Lachiewicz has not established any abuse of discretion by the Board in sending her breach claims for adjudication by the regional office.

## AFFIRMED

### COSTS

No costs.