# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TRACIE L. HAMB,

        Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
PH-1221-20-0326-W-1

DATE: August 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tracie L. Hamb</u>, Daniels, West Virginia, pro se.

<u>Craig Komorowski</u>, Huntington, West Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. On

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, the appellant argues the following: (1) the administrative judge erred in finding that she failed to make a nonfrivolous allegation of a protected disclosure; (2) the agency's hiring practices were both discriminatory and in violation of agency policy and regulations; (3) she was unfamiliar with e-Appeal Online; and (4) she is in the process of procuring legal counsel. Petition for Review (PFR) File, Tab 1 at 25-29. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[2] that she exhausted her remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations[3] of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the

---

[2] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A protected disclosure is a disclosure of information that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 12 (2014). The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Linder*, 122 M.S.P.R. 14, ¶ 14.

The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and, their written responses to OSC referencing the amended allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id*.

The appellant's assertions do not provide a basis to disturb the initial decision.

The appellant ostensibly asserts that the administrative judge erred in finding that she failed to make a nonfrivolous allegation of a disclosure described under 5 U.S.C. § 2302(b)(8). PFR File, Tab 1 at 25-26. To this end, she claims that the agency failed to select her for a position because she had challenged the selecting official's response to the COVID-19 pandemic. *Id.* However, we

discern no basis to disturb the administrative judge's reasoned conclusion that the appellant failed to make a nonfrivolous allegation of a protected disclosure. Initial Appeal File (IAF), Tab 9, Initial Decision (ID) at 5-6. Indeed, the only information in the record regarding the appellant's purported disclosure was a letter from OSC indicating that the appellant had alleged making disclosures about her supervisor's "lack of action regarding COVID-19." IAF, Tab 1 at 6. We agree that this vague allegation of inaction does not amount to a nonfrivolous allegation of any of the circumstances described in 5 U.S.C. § 2302(b)(8). *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶¶ 2, 7 (2016) (concluding that the appellant failed to make a nonfrivolous allegation that he reasonably believed that he had disclosed a violation of law when he made vague allegations regarding the inadequacy of the agency's law enforcement communication security system); *see also King v. Department of Veterans Affairs*, 105 M.S.P.R. 21, ¶¶ 11, 14 (2007) (reasoning that the appellant's bare allegations that she had reported patient neglect and abuse on certain dates, without any additional details or context, did not amount to a nonfrivolous allegation of a protected disclosure). Thus, we discern no basis to disturb the initial decision.

The appellant avers that agency management engaged in a series of improprieties in the selection process for the position for which she was not selected. PFR File, Tab 1 at 25-29. To this end, she avers that that agency engaged in favoritism, violated numerous agency policies and regulations, and discriminated against certain applicants based on their age. *Id.* However, insofar as the appellant does not identify any protected disclosures or activity regarding these alleged improprieties, a different outcome is not warranted. *See Doster v. Department of the Army*, 56 M.S.P.R. 251, 253-54 (1993) (concluding that the Board lacked jurisdiction when the appellant's filings contained a litany of allegations of agency improprieties but failed to allege any disclosures regarding the same). Indeed, absent an otherwise appealable action, the Board is unable to consider the appellant's claim of age discrimination. *See Wren v. Department of*

*the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

The appellant seemingly alleges that she was prejudiced by her unfamiliarity with e-Appeal Online. PFR File, Tab 1 at 25. To this end, she avers that she was "not familiar with the repository and how to access the documents in a timely manner until recently." *Id.* However, as a registered e-filer during the adjudication of her initial appeal, IAF, Tab 1 at 2, the appellant consented to accept all documents issued by other registered e-filers and by the Board in electronic form, *see* 5 C.F.R. § 1201.14(e)(1) (2020). She was therefore required by regulation to ensure that email from @mspb.gov was not blocked by filters and to monitor her case at the Repository at e-Appeal Online to ensure that she received all case-related documents. 5 C.F.R. § 1201.14(j)(2)-(3) (2020). Thus, the appellant's professed technical issues do not warrant a different outcome. *See Rocha v. Merit Systems Protection Board*, 688 F.3d 1307, 1310 (Fed. Cir. 2012) (finding unavailing the pro se appellant's assertions that he did not timely receive the initial decision when the appellant was a registered e-filer and the initial decision was sent to the email address that he provided to the Board). Moreover, the appellant fails to explain how she was prejudiced by her apparent inability to timely access Board filings; indeed, we have considered all of the evidence and argument that the appellant provides on review, and we find that the record remains devoid of a nonfrivolous allegation of a disclosure described under 5 U.S.C. § 2302(b)(8) or protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *See Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010) (explaining that the issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding).

Last, the appellant avers that she is "in the process of potentially selecting legal representation." PFR File, Tab 1 at 25. To the extent the appellant argues

that she was prejudiced by her lack of legal representation before the administrative judge, a different outcome is not warranted. Indeed, it was the appellant's obligation to timely secure legal representation. *See Raymond v. Department of the Army*, 102 M.S.P.R. 665, ¶ 4 n.1 (2006) (explaining that the Board is not required by law, rule, or regulation to appoint counsel for an appellant).

<u>The appellant provides additional documents with her petition for review;
however, these documents do not warrant a different outcome.</u>

With her petition for review, the appellant provides, for the first time, handwritten interview notes and an agency handbook on qualification standards for certain positions. PFR File, Tab 1 at 31-63. However, the appellant provides no discernable explanation as to why she did not timely provide this evidence to the administrative judge.[4] *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Moreover, these documents are not material to the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

Accordingly, we affirm the initial decision.

---

[4] The appellant seemingly indicates that she received the handwritten interview notes via a Freedom of Information Act (FOIA) request. PFR File, Tab 1 at 26. To the extent she alleges that the agency did not respond to her FOIA request until after the close of the record, a different outcome is not warranted insofar as the notes are not material to the jurisdictional issue. *Id.* at 31; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:
_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.