NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RODNEY JONES,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3085

---

Petition for review of the Merit Systems Protection Board in case no. CH4324101024-I-1.

---

Decided: July 24, 2012

---

RODNEY JONES, Waterloo, Iowa, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Rodney Jones appeals from a final order of the Merit Systems Protection Board ("Board"), dismissing his petition for review as untimely filed. For the reasons set forth below, we *affirm*.

## I. BACKGROUND

Mr. Jones began work as a letter carrier for the United States Postal Service ("USPS") in Des Moines, Iowa, on February 18, 1995. On September 26, 1999, Mr. Jones entered active military duty with the Army Active Guard Reserve ("AGR"). Mr. Jones served continuously with the AGR until his military retirement effective June 30, 2007.

After his military retirement, Mr. Jones filed a complaint under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") with the Department of Labor ("DOL") concerning USPS's failure to reemploy him as a letter carrier. On October 2, 2008, the DOL notified Mr. Jones that he was not eligible for USERRA reemployment rights.

On September 18, 2010, Mr. Jones filed an appeal of the DOL's decision with the Board. In an initial decision dated April 5, 2011, an administrative judge denied his appeal. *Jones v. U.S. Postal Serv.*, CH4324101024-I-1 (M.S.P.B. Apr. 5, 2011). In that same initial decision, the administrative judge notified Mr. Jones that the initial decision would become final on May 10, 2011, unless he filed a petition for further review by or before said date. *Id.*, slip op. at 8.

Mr. Jones petitioned the Board to review the administrative judge's initial decision on August 12, 2011, several months after the decision had become final. While Mr. Jones conceded that he was aware of the May 10, 2011 deadline, he asserted that he had made attempts to meet that date. He claimed that he contacted the administrative judge's clerk about obtaining a Form SF8, which he had not received from USPS, and that she advised him to contact USPS's representative. Mr. Jones further claimed that he left a message with the USPS's representative but that he never received a reply.

The Board was ultimately not persuaded by Mr. Jones's argument and on December 20, 2011, issued a final order dismissing Mr. Jones's petition for review as untimely filed. *Jones v. U.S. Postal Serv.*, CH4324101024-I-1 (M.S.P.B. Dec. 20, 2011). Specifically, the Board noted that Mr. Jones could have asked for an extension from the Board if he was indeed waiting to receive a Form SF8. And even if his inability to access the Form SF8 was beyond his control, the Board found that Mr. Jones did not explain how the said form related to the merits of his USERRA claim. Thus, the Board found that Mr. Jones failed to show good cause for his filing delay.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of the Board's decisions is narrow and limited by statute. Under 5 U.S.C. § 7703(c), we may only set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required

by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938).

The waiver of a regulatory time limit based on a showing of good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.,* 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). The petitioner bears the burden in demonstrating an excusable delay by showing an exercise of due diligence or ordinary prudence under the circumstances. *Id.* When evaluating whether the petitioner's burden is met, several factors are considered including "the length of the delay, whether the appellant was notified of the time limit, the existence of circumstances beyond the appellant's control that affected his ability to comply with the deadline, the appellant's negligence, if any, and any unavoidable casualty or misfortune that may have prevented timely filing." *Zamot v. Merit Sys. Prot. Bd.,* 332 F.3d 1374, 1377 (Fed. Cir. 2003). The Board also considers whether a petitioner is proceeding pro se. *See Martinez v. Broad. Bd. of Governors,* 115 M.S.P.R. 44, 49 (Sept. 10, 2010).

Having considered his arguments, we conclude that Mr. Jones has not carried the heavy burden of establishing that the Board abused its discretion in finding that he failed to show good cause for the delay in filing his petition for review. Although Mr. Jones is a pro se petitioner, he never claimed that he did not understand the clear direction provided in the initial decision as to when a petition for review was due. Yet his petition for review was filed more than three months after the deadline.

Moreover, Mr. Jones has not presented evidence of circumstances beyond his control that prevented him from filing a timely petition for review. To be sure, Mr. Jones asserts that he was late in filing a timely petition because he was waiting for a Form FS8. He also asserts that he did not know that asking the Board for additional time was an option. Mr. Jones, however, fails to explain why he believed instead that delay was an acceptable option. Even more to the point, Mr. Jones does not explain how the Form SF8 is related to the merits of his USERRA claim. Thus, the Board's determination that the evidence weighed against excusing Mr. Jones's delay is supported by substantial evidence. Because the Board acted within its discretion in finding that Mr. Jones failed to show good cause for his delay and dismissing his appeal as untimely, we affirm.

COSTS

Each party shall bear its own costs.

**AFFIRMED**