NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3114

---

Petition for review of the Merit Systems Protection Board in case no. DE3330100361-l-1.

---

Decided: September 7, 2012

---

JOHN P. JONES III, of Albuquerque, New Mexico, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before PROST, MOORE and REYNA, *Circuit Judges.*

PER CURIAM.

Petitioner *pro se*, John Paul Jones, III, appeals from a February 15, 2012 final order of the United States Merit Systems Protection Board ("MSPB" or "Board") denying his petition for review. *Jones v. Dep't of Health & Human Servs.*, DE3330100361-I-1 (M.S.P.B. Feb. 15, 2012). Mr. Jones requests review of the Board's dismissal of claims arising under the Veterans Employment Opportunities Act ("VEOA") of 1998 when the Department of Health and Human Services did not select him for a public health advisor position. The issues on appeal are whether the written complaint Mr. Jones filed with the Department of Labor ("DOL") on April 8, 2010 was untimely and filed in the absence of good cause to toll the filing deadline. We *affirm* for the reasons set forth below.

I

Mr. Jones served as a medic during the armed conflict in Vietnam and qualifies as a preference-eligible veteran. On or about December 14, 2009, the Department of Health and Human Services, Centers for Disease Control and Prevention ("the Agency") posted two open public health advisor positions. Mr. Jones applied for one of the two vacant public health advisor positions, which required a year of specific GS-12 experience.[1] RA21-22.

On January 8, 2010, the Agency posted on its QuickHire website a notice that Mr. Jones was not selected for the public health advisor position because he did not meet the requisite qualifications. Mr. Jones learned he would not be selected when he visited the

---

[1] Citations to "RA__" refer to the pages of the brief and appendix of the MSPB filed on June 22, 2012.

Agency website on January 13, 2010. Upon learning of his nonselection, Mr. Jones called the Agency and learned of an internal re-review process after speaking with an Agency representative. He asked that his qualifications be re-reviewed.

On March 12, 2010, the Agency's human resources department sent Mr. Jones a letter notifying him that the internal re-review process would sustain the initial ineligible determination. Mr. Jones then filed a VEOA complaint with the DOL on April 8, 2010 that contested the Agency determination that he was not eligible for the position,[2] and subsequently filed a VEOA appeal before the MSPB. On December 23, 2010, the AJ issued a decision that rejected the appeal as untimely because, pursuant to 5 U.S.C. § 3330a(a)(2)(A), Mr. Jones exceeded the allotted sixty days for filing a written complaint with the DOL.

Mr. Jones filed a petition for review with the full Board wherein he disputed that his DOL complaint was untimely. The Board affirmed the findings of the AJ, and issued an order dismissing Mr. Jones's VEOA claims on grounds of untimeliness.[3] This appealed followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

---

[2] The DOL records reflect that the complaint was filed on April 13, 2010, but Mr. Jones avers the filing occurred on April 8, 2010. The AJ determined that this discrepancy does not impact the ultimate result. RA4.

[3] The Board concluded that "except as modified by [the February 15, 2012] Final Order, the initial decision of the administrative judge is the Board's final order." RA15.

Our review of the Board's decision is narrow and limited by statute. Under 5 U.S.C. § 7703(c), we may only set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

The VEOA grants preferences to veterans who seek federal employment. 5 U.S.C. § 3330a. If the employing agency rejects the veteran's request for preference employment, the VEOA vests the veteran with the right to challenge that rejection before the Board. The Board may review a challenge only after the veteran files a written complaint with the DOL. The statute requires that the complaint must be filed with the Secretary of Labor within sixty days after the date of the alleged injury to the veteran's rights:

> (a)(1)(A) A preference eligible who alleges than an agency has violated such individual's rights under any statute or regulation relating to the veteran's preference may file a complaint with the Secretary of Labor.
>
> (B) A veteran described in section 3304(f)(1) who alleges that an agency has violated such section with respect to such veteran may file a complaint with the Secretary of Labor.
>
> (2)(A) A complaint under this subsection **must be filed within 60 days after the date of the alleged violation**.

5 U.S.C. § 3330a (emphasis added).

In reviewing the veteran's allegations, the Board may consider that a petitioner is proceeding *pro se*, but the VEOA does not require that veterans be considered for positions for which they are not qualified. *See Jones v. M.S.P.B.*, 2012 WL 3007598, at *2 (Fed. Cir. July 24, 2012) (citing *Martinez v. Broad. Bd. of Governors*, 115 M.S.P.R. 44, 49 (Sept. 10, 2010)) (Board consideration of *pro se* petitions for review); *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (discussing veteran qualifications).

## III

We first address whether Mr. Jones's written complaint to the DOL was untimely. The AJ calculated sixty days from the date the applicant's nonselection was published on the QuickHire website on January 8, 2010. The AJ concluded that the complaint should have been filed no later than March 10, 2010. RA4. The AJ determined that Mr. Jones filed the complaint with the DOL on April 8, 2010, approximately a month after the deadline. *Id.*

Mr. Jones appears to argue that the sixty day time period should commence the day he received the re-review letter from the Agency indicating that the initial decision was sustained. He characterizes the re-review of his qualifications as a good faith attempt to exhaust his administrative remedies and contends that the determination did not become final until after the re-review process completed on the date of the March 12, 2010 letter. Using the March letter as the starting point to count the sixty days, Mr. Jones argues that his written complaint was filed within the required time period.

We agree with the Board's decision that the written complaint was late in being filed with the Secretary of Labor. The evidence of record confirms that on January

8, 2010 the Agency published notice of Mr. Jones's nonselection and there is no indication that the decision was preliminary or otherwise subject to reversal. RA23. Mr. Jones concedes that he became personally aware of the Agency's decision regarding his nonselection when he visited the QuickHire website on January 13, 2010. Thus, the sixty day filing period set forth in § 3330a(2)(A) is tied to notice of his nonselection. The AJ correctly determined that utilization of the re-review process did not alter the date of the Agency's rejection in January. *See Atwell v. Merit Systems Protection Bd.*, 670 F.2d 272, 282 (Fed. Cir. 1981) (explaining that in reviewing orders of the MSPB, the judicial review provision of 5 U.S.C. § 7703(c) requires "considerable deference").

By establishing grounds for equitable tolling of the deadline, a veteran may obtain relief after missing the filing deadline. *Roesel v. Peace Corps*, 111 M.S.P.R. 366, 370 (2009). The Supreme Court identifies specific circumstances that warrant equitable tolling and we agree with the AJ that Mr. Jones has not presented those circumstances. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (internal citations omitted) (holding that when claims are brought against the government, equitable tolling is applicable where a defective pleading was filed or when the complainant was tricked or induced by his adversary's misconduct into allowing a filing deadline to pass). Here, there is neither argument nor evidence that the complaint was defective or that Mr. Jones was "tricked" or "induced" by an Agency representative into filing late. Equitable tolling is extended "only sparingly," a limitation that weighs against extending the deadline in this case. *Irwin*, 498 U.S. at 96.

We note the AJ's conclusion that Mr. Jones's arguments surrounding the re-review process were barred according to principles of collateral estoppel. On appeal,

Mr. Jones argues the impact of the Agency's re-review process on his untimely filing of a complaint with the DOL, but the AJ found that those arguments were raised by Mr. Jones and resolved in an earlier action.[4]   RA6-7 (finding Mr. Jones's arguments based on the re-review process "identical" to the earlier action) (citing *Jones v. Dep't of Health & Human Servs.*, DE3330100347-I-1 (M.S.P.B. Jul 21, 2010)).  We find no reason to disturb the AJ's determination that the arguments before us are estopped as matter of law.

Because the Board acted within its discretion, the decision of the Board is hereby

### AFFIRMED

COSTS

Each party shall bear its own costs.

---

[4]    The AJ's decision regarding collateral estoppel is not determinative since we affirm the Board's decision that the filing of the written complaint with the DOL was untimely, but we note the independent basis for rejecting claims resolved by a different administrative judge according to the same facts and allegations.