NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SASWATA BASU,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3164

---

Petition for review of the Merit Systems Protection Board in No. CH-315H-13-0039-I-1.

---

Decided: December 5, 2014

---

SASWATA BASU, of Cincinnati, Ohio, pro se.

KATRINA LEDERER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before DYK, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Saswata Basu appeals the decision of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely filed without good cause for the delay. *Basu v. Dep't of Homeland Sec.*, No. CH-315H-13-0039-I-1 (M.S.P.B. July 9, 2014) (Resp't's App. 1–5) ("Final Order"); *Basu v. Dep't of Homeland Sec.*, No. CH-315H-13-0039-I-1 (M.S.P.B. Jan. 9, 2013) (Resp't's App. 6–14) ("Initial Decision"). For the reasons set forth below, this court affirms.

## BACKGROUND

On August 13, 2012, Mr. Basu was appointed to a competitive service position as an Agriculture Inspector for Customs and Border Protection (the "Agency") in Sandusky, Ohio, subject to a one-year probationary period. About a month later, on September 25, 2012, the Agency terminated his appointment for "failure to meet the training requirements of his position" because Mr. Basu failed the Pest Identification II test. Initial Decision at 2.

Mr. Basu appealed to the Board on October 12, 2012, alleging the Agency improperly terminated his employment during his probationary period, and arguing he had failed the Pest Identification II test because there was a contaminated snail specimen. In response, the Agency argued Mr. Basu's appeal should be dismissed for lack of jurisdiction because he was a probationary employee and had not alleged his termination was based on partisan political reasons or marital status, as required by 5 C.F.R. § 315.806(b) (2012). On January 9, 2013, the Administrative Judge ("AJ") dismissed Mr. Basu's appeal finding no jurisdiction. Mr. Basu was informed of the dismissal and of his right to request Board review of the decision if he filed a petition for review by February 13, 2013, the date the AJ's decision would become final.

Mr. Basu filed a petition for review on November 5, 2013. On November 15, 2013, the Board notified Mr. Basu that his petition was untimely as it was filed more than eight months after the February 13, 2013 deadline. In response, Mr. Basu moved to waive the time limit because he had misinterpreted the Board's order, and was under the impression he was required "to wait for [the] final decision." Resp't's App. 43. He further contended that after six months had passed and he had not received the decision, he contacted the Chicago Regional Office to check on the status of the decision, at which time he was informed of his error.

Finding Mr. Basu had not shown either due diligence or good cause for the delay, the Board issued a final order dismissing his appeal as untimely. Mr. Basu appeals.

## DISCUSSION

The scope of this court's review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Under 5 C.F.R. § 1201.114(e), "[a]ny petition for review must be filed within 35 days after the date of issuance of the initial decision." However, the Board will waive this time limit upon a showing of good cause for the delay. 5 U.S.C. § 7701(e)(1); 5 C.F.R. § 1201.114(g).

The decision to waive this time limit is committed to the discretion of the Board, and is reversed only for abuse of that discretion. *See Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc) ("Whether the regulatory time limit for an appeal should be waived

based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."). Here, therefore, the issue is whether the Board abused its discretion in finding Mr. Basu failed to show due diligence or good cause for the delay in filing his petition for review.

An appellant bears a "heavy burden" to overturn the Board's determination that good cause has not been shown for an untimely filing. *Turman-Kent v. Merit Sys. Prot. Bd.*, 657 F.3d 1280, 1282 (Fed. Cir. 2011) (internal quotation marks and citation omitted). The Board considers the following factors when analyzing whether an appellant has exercised due diligence or "ordinary prudence" under the circumstances:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Alonzo v. Dep't of the Air Force*, 4 M.S.P.R. 180, 184 (M.S.P.B. 1980).

It is undisputed Mr. Basu's appeal was filed almost nine months late. This court has "recognized that the length of delay is an important factor for the Board to consider in determining whether a petitioner has shown good cause for an untimely filing." *Turman-Kent*, 657 F.3d at 1282 (citing *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994)). Mr. Basu waited for six months after he received the Initial Decision to contact the Chicago Regional Office to check on the status of the

Final Order. The Board correctly found this does not constitute due diligence, which is typically found when the delay is significantly shorter than six months. *See Rocha v. Merit Sys. Prot. Bd.*, 688 F.3d 1307 (Fed. Cir. 2012) (Board did not abuse its discretion in refusing to allow employee to file petition for review more than five months after filing deadline); *Jones v. Merit Sys. Prot. Bd.*, 491 F. App'x 185 (Fed. Cir. 2012) (employee failed to show good cause for filing petition for review with the Board three months after the deadline); *Clark v. U.S. Postal Serv.*, 989 F.2d 1164 (Fed. Cir. 1993) (employee's failure to take any action for more than four months after his demotion supported the determination that he did not show due diligence required to establish good cause to waive filing deadline). Mr. Basu has not shown he exercised due diligence.

Additionally, contrary to Mr. Basu's contentions, and as the Board found, an appellant's confusion regarding Board procedures does not demonstrate good cause for waiving a filing deadline. *See Davis v. U.S. Postal Serv.*, 101 M.S.P.R. 107, 109, *aff'd*, 192 F. App'x 966 (Fed. Cir. 2006). Mr. Basu does not point to any other circumstances besides his confusion to demonstrate good cause.

Accordingly, this court finds the Board did not abuse its discretion in dismissing Mr. Basu's petition for review as untimely filed without good cause shown.

CONCLUSION

The decision of the Board is

**AFFIRMED**