**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

J. EMMANUEL I. SANTA TERESA,
      Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
      Agency.

DOCKET NUMBER
DE-3330-16-0185-I-1

DATE: September 14, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

J. Emmanuel I. Santa Teresa, Metairie, Louisiana, pro se.

Sandra Fortson, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

On September 21, 2015, the agency notified the appellant, a preference eligible, that he had not been selected for a GS-13 Attorney Advisor position at Davis-Monthan Air Force Base.  Initial Appeal File (IAF), Tab 1 at 13-14; Tab 1, Subtabs A(1), (5).  On December 31, 2015, the appellant filed a complaint with the Department of Labor (DOL) alleging that his nonselection constituted a violation of VEOA.  IAF, Tab 1, Subtab A.  By letter dated January 15, 2016, DOL informed the appellant that his complaint was untimely and, as a result, his case was being closed.  *Id.*, Subtab D.

The appellant then filed this VEOA appeal with the Board alleging that the agency violated his veterans' preference rights when it did not select him for the Attorney Advisor position.  IAF, Tab 1.  He contended that his DOL complaint was timely, or, alternatively, equitable tolling was warranted because he had no reason to know that his veterans' preference rights had been violated until December 18, 2015, when he discovered that the person who had been selected for the position was not a veteran.  *Id.* at 17-18.  He argued that, prior to this, he assumed the individual hired was a veteran who had comparable experience to

him because, when he followed up with the individual who interviewed him for feedback, he was told that it was "neck and neck" between him and the selectee on qualifications and, if it were a race, it was a "classic photo finish." *Id.* at 17.

¶4 Without holding the appellant's requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 14, Initial Decision (ID). The administrative judge determined that the appellant had filed his complaint with DOL more than 60 days after the date of the alleged violation of his veterans' preference rights and that he failed to show that the doctrine of equitable tolling should be invoked to toll the deadline. ID at 3-6.

¶5 The appellant has filed a petition for review in which he reiterates his argument below that his DOL complaint was timely because the alleged veterans' preference violation occurred on December 18, 2015, the date he contends he became aware of the selectee and her qualifications, not September 21, 2015, the date he was notified of his nonselection for the position. Petition for Review (PFR) File, Tab 1 at 4-10. Alternatively, he reiterates his argument that equitable tolling is warranted under the circumstances. *Id.* at 10-11. The agency has filed a response in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 Under 5 U.S.C. § 3330a(a)(1)(A), "[a] preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor." Such a complaint "must be filed within 60 days after the date of the alleged violation." 5 U.S.C. § 3330a(a)(2)(A). If the Secretary of Labor is unable to resolve such a complaint within 60 days after the date on which it is filed, the complainant may appeal the alleged violation to the Board. 5 U.S.C. § 3330a(d)(1).

¶7    We agree with the administrative judge that the alleged veterans' preference violation occurred on September 21, 2015, when the appellant was notified that he was not selected for the Attorney Advisor position. ID at 3. Accordingly, the appellant had until November 20, 2015, to file a complaint with DOL. *See* 5 U.S.C. § 3330a. The appellant acknowledges that he did not file his DOL complaint until December 31, 2015, more than 3 months after the alleged violation occurred. IAF, Tab 1 at 15. Thus, the administrative judge properly found that the appellant's administrative complaint with DOL was untimely filed.[2] ID at 3.

¶8    The appellant's assertion that his knowledge of the selectee's veteran status and qualifications, rather than his knowledge of the nonselection, was the trigger for the 60-day time limit is not consistent with the express language of the statute itself or Board precedent.[3] *See* 5 U.S.C. § 3330a(a)(2)(A) ("A complaint under this subsection must be filed within 60 days after the date of the alleged violation."); *see also Hayes v. Department of the Army*, 111 M.S.P.R. 41, ¶¶ 2, 11 (2009) (finding that when the agency selected another person for the position on February 3, 2005, the appellant's December 1, 2005 complaint to DOL was filed nearly 10 months after the date of the agency's action, and nearly 8 months after the expiration of the statutory 60-day time limit for filing set forth at 5 U.S.C. § 3330a(a)(2)(A)). The appellant's argument is also inconsistent with the decision of the U.S. Court of Appeals for the Federal Circuit in *Jones v. Merit Systems Protection Board*, 497 F. App'x 1, 3 (Fed. Cir. 2012), in which the court

---

[2] The initial decision incorrectly states that the appellant had until November 20, 2016, to file his complaint with DOL, instead of November 20, 2015. ID at 3. It also mistakenly references the appellant's DOL complaint as being filed on December 31, 2016, instead of December 31, 2015. ID at 3. We find that these inadvertent typographical mistakes do not amount to adjudicatory error.

[3] Despite the appellant's arguments concerning the various unintended consequences of the statutory language, PFR File, Tab 1 at 6-7, we are bound to follow the unambiguously expressed intent of Congress, *see Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984).

determined that the 60-day filing period was tied to the appellant's notice of his nonselection.[4]

¶9    The 60-day filing deadline set forth at 5 U.S.C. § 3330a(a)(2)(A), however, is subject to equitable tolling, and an employee's failure to file a complaint with DOL within that 60-day period does not summarily foreclose the Board from exercising jurisdiction to review the appeal.  *Kirkendall v. Department of the Army*, 479 F.3d 830, 835-44 (Fed. Cir. 2007) (en banc); *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 12 (2009).  Equitable relief is extended only sparingly, however, under circumstances such as when the appellant had actively pursued his remedies by filing a defective pleading during the statutory period, or where the appellant had been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  *Brown v. U.S. Postal Service*, 110 M.S.P.R. 381, ¶ 10 (2009).

¶10    Here, we agree with the administrative judge that the appellant has not shown that either criterion is met, and equitable tolling therefore does not apply.  ID at 3-6.  As the administrative judge found, the appellant does not claim that he actively pursued his remedies in any forum during the statutory 60-day period.  ID at 4.  Rather, the appellant argues that the agency official who interviewed him deceived him into believing that the agency had properly conducted the hiring process, causing him to miss the filing deadline.  IAF, Tab 1 at 17-18.  He argues that, after learning of his nonselection, during a follow up telephone call with his interviewer, he was led to believe that the selectee was a veteran with qualifications similar to his own through the interviewer's statements that it was "neck and neck" between the appellant and the selectee on qualifications and if it were a race, it was a "classic photo finish."  *Id.* at 14-15, 17.  Thus, the appellant contends that it was not until December 18, 2015, when he became aware that the

[4] The Board may choose to follow nonprecedential decisions of the Federal Circuit if, as here, it finds the reasoning persuasive.  *See, e.g.*, *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014).

selectee was not a veteran, that he realized there was an "issue" with his nonselection. *Id.* at 15, 17-18.

¶11      The administrative judge considered such arguments, but found that they failed to establish that the appellant was induced or tricked by agency misconduct into allowing the filing deadline to pass. ID at 4-6. We discern no error with the administrative judge's analysis. The Board has rejected similar arguments for equitable tolling. *See Brown*, 110 M.S.P.R. 381, ¶ 12 (finding that the fact that the appellant was unaware that his veterans' preference rights had been violated until after the 60−day deadline had passed was not within the limited scope of reasons warranting equitable tolling); *Mitchell v. Department of Commerce*, 106 M.S.P.R. 648, ¶ 10 (2007) (finding the appellant's argument that he was not "aware of the injustice" in the agency's selection procedure until after the 60-day filing deadline did not warrant equitable tolling), *overruled on other grounds by Garcia*, 110 M.S.P.R. 371, ¶¶ 8-13.

¶12      Accordingly, we affirm the initial decision denying the appellant's request for corrective action under VEOA.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.