## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EVELYN A. ANDERSON,
                Appellant,

        v.

DEPARTMENT OF THE NAVY,
                Agency.

DOCKET NUMBER
DA-0752-13-0106-I-1

DATE: November 2, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Evelyn A. Anderson, Grand Prairie, Texas, pro se.

Ashley Rutherford, Naval Air Station Jacksonville, Florida, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. For the reasons set forth below, the petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The administrative judge issued a March 28, 2013 initial decision in which he affirmed the appellant's removal. Initial Appeal File, Tab 19, Initial Decision (ID). The initial decision informed the parties that it would become the final decision of the Board on May 2, 2013, unless a petition for review were filed by that date. ID at 6. On April 3, 2017, the appellant filed a petition for review nearly 4 years out of time. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board informed the appellant that her petition for review appeared to be untimely filed and instructed her to submit evidence and argument showing that the petition for review was timely filed or that good cause existed for the delay in filing. PFR File, Tab 2. In response, the appellant submitted a Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit in which she asserted that she had "reached out" to the "Judicial Review Board" in April 2013, as well as the Department of Labor and Department of Justice, but was unable to obtain any assistance. PFR File, Tab 4 at 1. She also asserted that, as a pro se appellant, she was unfamiliar with Board procedures, that three people close to her had died in late 2012, and that she had been going through a complicated divorce. *Id.* The agency responded to the appellant's petition for review, and she replied to the agency's response. PFR File, Tabs 5-7.

**ANALYSIS**

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To consider whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her

showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶4 The appellant's pro se status is one consideration to be taken into account in determining whether she has shown good cause. However, her inexperience with legal matters and her unfamiliarity with Board procedures do not warrant waiving the filing deadline. *Basu v. Merit Systems Protection Board*, 594 F. App'x 981, 983 (Fed. Cir. 2014) (explaining that "an appellant's confusion regarding Board procedures does not demonstrate good cause for waiving a filing deadline");[2] *Lagreca v. U.S. Postal Service*, 114 M.S.P.R. 162, ¶ 9 (2010). This is particularly so when the initial decision provided her with clear and unambiguous instructions as to how she could file a petition for review. *Guenther v. U.S. Postal Service*, 68 M.S.P.R. 667, 670 (1995). Similarly, her attempt to obtain assistance from other agencies, rather than simply following the straightforward instructions she was provided, militates against a finding of due diligence. *Agbenyeke v. Department of Justice*, 111 M.S.P.R. 140, ¶ 8 (2009) (stating that the appellant's failure to contact the Board to attempt to remedy her confusion weighed against a finding of good cause); *Johnson v. Department of the Air Force*, 92 M.S.P.R. 370, ¶ 10 (2002) (deciding to pursue claims in another forum did not show good cause).

¶5 In addition, the Board has held that general personal difficulties do not constitute good cause. *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 9 (2003). The appellant's divorce and the unfortunate series of deaths

---

[2] The Board may rely on a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 12 n.6 (2011).

among her family and friends also do not constitute good cause. *Crisp v. Department of Veterans Affairs*, 73 M.S.P.R. 231, 234 (1997) (concerning divorce and other difficulties); *Moles v. Office of Personnel Management*, 43 M.S.P.R. 89, 90 (1989) (concerning death in the family). Moreover, the appellant has not explained why the effects from these difficulties prevented her from filing her petition for review for nearly 4 years. *Crisp*, 73 M.S.P.R. at 235. We find, therefore, that the appellant has not shown good cause for the extensive delay in filing her petition for review.

¶6        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.